Opinion by
Hurt, J.

('Transferred from Austin.J

§ 336. Fellow-servants; who are, of a railroad company. The following are some of the illustrations as to who constitute common or fellow-servants: “ A switch-tender and engineer, laborers and mechanics who work upon the road or machinery, conductors, brakemen, and other servants managing engines upon the track or turntables; a track-repairer and the fireman or engineer of a passing train. In this case, appellee Wagner was a section hand working on appellant’s road, and while engaged as such in repairing the road-track, he was knocked off the track and injured by a passing freight train. Held, that appellee and the engineer of said train were fellow-servants of appellant.
§ 337. Liability of railroad company for injury caused one of its servants by another; rules as to. In order, to hold the company liable for injury caused one of its servants by the negligence of another, it must be proved: 1, that the servant causing the injury was negligent or incompetent; and 2, that the company had not used reasonable care in selecting such servant, or that, after being informed of his incompetency, it still retained him in its service. [Pierce on Railroads, 361-365; 2 Thomp. on Neg. 1038; R. R. Co. v. Myers, 55 Tex. 110.]
§ 338. Negligence; contributory negligence; case stated. Appellee was engaged in the service of the company, as' a section hand, repairing the track. While thus engaged, he, in company with other track-repairers, were on a hand-car traveling along the line of the road. The handcar was passing over a trestle fourteen feet high. When1 he first saw the engine approaching it was between a half and a quarter of a mile away. He could have got off the car if we had stopped. The others on the car, *292 some twelve in all, jumped off the car. He was in the middle of the car, and could not get off until they had all got off. He then jumped off the car and off the trestle to the ground and was injured. The engine was then right up to the hand-car. Train had a headlight, which threw the light about fifty feet. They all halloed for the train to stop. No one flagged the train. It was admitted by appellant that appellee was damaged in the sum of $150, and for this sum and costs he recovered judgment. Held, 1. The evidence did not show any negligence on the part of appellant or its servants who were in charge of the train. 2. The evidence did show negligence on the part of appellee which contributed to his injury. When an impending danger is known to a person, and he fails to use ordinary care to prevent the injury which results from such danger, he cannot recover damages for such injury.
October 18, 1884.
Reversed and remanded.